# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEROME MALLORY,**

      **Plaintiff,**

v.                                                          **Case No:  6:14-cv-1669-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Jerome Mallory (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for a period of disability and disability insurance benefits. Doc. No. 1. Claimant alleges an onset of disability beginning July 8, 2010, due to residual mental health impairments and symptoms from a traumatic brain injury, hearing loss, musculoskeletal conditions and a history of hepatitis. R. 79, 90, 107, 114. Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to properly evaluate and consider the the Department of Veterans Affairs' (the "VA") 100% Disability Rating for Claimant's traumatic brain injury, and by failing to request a copy of disability rating decision. Doc. No. 18 at 12-13. In the alternative, Claimant requests that the Court remand the case to the Commissioner, pursuant to sentence six of 42 U.S.C. § 405(g), for consideration of the VA's June 1, 2010 Rating Decision (Doc. No. 18-1 at 8-20), which was presented for the first time on appeal to the Court. Doc. No. 18 at 13-14.[1] For the reasons set forth below, pursuant to sentence four of

---

[1] Claimant also argues that the ALJ erred by: cherry picking the evidence and discounting the records and opinions of Claimant's treating and consulting physicians without providing substantial evidence in support of the ALJ's determinations (Doc. No. 18 at 19-22); accepting the testimony of the VE because a conflict exists between the VE's

42 U.S.C. § 405(g), the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.[2]

I. <u>**THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS**</u>.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.  See 20 C.F.R. §§ 404.1520(a).  In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity.  At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments.  At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience.  If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work.  At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted).  The steps are followed in order.  If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

II. <u>**STANDARD OF REVIEW**</u>.

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do

---

testimony and the Dictionary of Occupational Titles (Doc. No. 18 at 24-27); and failing to articulate specific reasons, supported by substantial evidence, for finding Claimant's subjective statements not credible (Doc. No. 18 at 29-31).

[2] For the reasons set forth below, the case must be remanded due the ALJ's errors, which are apparent on the face of the ALJ's decision.  *See infra* pp. 3-7.  Although it did not happen here, when such errors are apparent on the face of the ALJ's decision, the Commissioner frequently agrees further administrative review should occur and voluntarily moves for remand.  Such decisions promote the interest the parties and the Court have in obtaining a just, speedy, and inexpensive resolution of proceedings such as this.

more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**III.   ANALYSIS.**

The record before the ALJ establishes that Claimant received a 100% disability rating from the VA in the following respects:

1. Traumatic Brain Disease – 100 percent disability rating;
2. Tinnitus – 10 percent disability rating;
3. Impaired hearing – 0 percent disability rating;
4. Lumbosacral or cervical strain – 20 percent disability rating; and
5. Residuals of Hepatitis – 30 percent disability rating;

R. 373. *See also* R. 224, 443. At the February 19, 2013 hearing, Claimant's counsel pointed out that Claimant "was found 100 percent service connected disabled through VA due to traumatic brain disease." R. 439, 443. However, the record does not contain the actual disability rating

decision from the VA.  *See* Doc. Nos. 18 at 14 (Claimant stating he received a copy of the rating decision from the VA on October 31, 2014); 18-1 at 8-20 (June 1, 2010 VA Rating Decision).

On April 26, 2013, the ALJ issued a decision finding Claimant not disabled.  R. 17-29.  At step-two of the sequential evaluation process, the ALJ found that Claimant has the following severe impairments: history of head trauma; organic affective disorder; cognitive disorder; back condition with pain; degenerative changes in the feet; obesity; hearing loss; and history of polysubstance abuse.  R. 20.

With respect to the VA's disability rating, the ALJ states the following:

> Veterans Administration (VA) did award the claimant disability benefits, however, the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner.

R. 26.  Thus, the ALJ does not specifically mention that the VA awarded Claimant a 100% disability rating for traumatic brain injury.  R. 26.  Instead, the ALJ only acknowledges Claimant received disability benefits and states that determining whether an individual is disabled under Social Security law is a matter reserved for the Commissioner.  R. 26.

20 C.F.R. §§ 404.1504 and 416.904 provide:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

*Id*. (emphasis added).   Thus, the regulations provide that a decision by another government agency, such as the VA, about whether a claimant is disabled is not binding on the Commissioner.  *Id*.  The ALJ's statements regarding the VA's disability rating decision mirror the above-quoted regulations.  R. 26.

While such other governmental determinations of disability are not binding, SSR 06-3p provides:

> [W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental . . . agencies. Therefore, evidence of a disability decision by another governmental . . . agency cannot be ignored and must be considered. . . . [T]he adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases. . . .

*Id.* (emphasis added).   Thus, SSR 06-3p requires the Commissioner to evaluate decisions by other governmental agencies and provides that the ALJ should explain the consideration given to those decisions.  *Id.*  *See Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) (Social Security Rulings are binding on the Commissioner) (unpublished).[3]

In *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981), the former Fifth Circuit held that while VA disability decisions are not binding on the Commissioner, they are "evidence that should be considered and [are] entitled to great weight."  *Id.*[4]  Since *Rodriguez*, the Eleventh Circuit has also held that "'[t]he findings of disability by another agency, although not binding on the [Commissioner], are entitled to great weight.'"  *Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983)).[5]  The Eleventh Circuit has stated that the weight afforded to disability ratings from the VA may be implicit in the ALJ's decision.  *See Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009)

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[5] *See also Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) ("A VA rating, while not binding on the SSA, is evidence that should be considered and is entitled to great weight.") (unpublished and internal quotations omitted).

(unpublished).  However, Courts within the Eleventh Circuit have routinely reversed where ALJs have failed to specifically identify VA disability ratings themselves, specify the weight given to them, or engage in a meaningful evaluation of them.  *See Hogard v. Sullivan*, 733 F. Supp. 1465, 1469 (M.D. Fla. 1990) (reversing where ALJ rejected VA disability rating based solely on the differing criteria between agencies for determining disability); *Salamina v. Colvin*, No. 8:12-cv-1985-T-23TGW, 2013 WL 2352204, at *3-4 (M.D. Fla. May 29, 2013); *Ray v. Astrue*, No. 8:08-cv-335-DAB, 2009 WL 799448, at *6-7 (M.D. Fla. Mar. 24, 2009) (reversing, in part, where ALJ failed to discuss VA disability rating other than the plaintiff's testimony); *Rodems v. Colvin*, 2014 WL 795966, at *5 (N.D. Ala. Feb. 27, 2014) (reversing, in part, because the ALJ did not state what the disability ratings were or the weight accorded to them); *Rainwater v. Colvin*, 2013 WL 4763742, at *3-4 (M.D. Ga. Sept. 4, 2013) (ALJ failed to articulate adequate reasons for discounting VA decision because the only reason given was that the decision is not binding on the Commissioner).

In this case, the ALJ mentions the VA's disability ratings, but does not discuss the actual disability ratings, and states that the VA's decision is not binding on the ALJ.  R. 26.  As set forth above, VA disability determinations are entitled to great weight and the fact that the VA disability ratings are not binding on the ALJ is not good cause, in and of itself, to reject VA disability ratings.  *See supra* pp. 5-6 (citing authority).  Yet, based on this record the Court cannot tell what weight, if any, the ALJ gave to the 100% VA disability rating for traumatic brain injury.  *See* R. 26, 373.  By not providing a more detailed explanation of VA's disability rating, the Court finds that the ALJ failed to comply with SSR 06-3p, and the final decision is not supported by substantial evidence.  *See Rodriguez*, 640 F.2d at 686 (5th Cir. 1981) (a VA disability rating of 100% should be "more closely scrutinized by the ALJ.").  The ALJ's error requires remand pursuant to sentence

four of 42 U.S.C. § 405(g).  *See Ruiz v. Colvin*, No. 3:13-cv-1102-J-JRK, 2014 WL 4809526, *5-6 (M.D. Fla. Sept. 26, 2014) (remanding pursuant to sentence four of § 405(g)); *Hogard*, 733 F. Supp. at 1468-1469 ("perfunctory rejection of VA disability rating as based on different criteria" warrants remand for application of the proper legal standard).

In addition, while the record before the ALJ contained the VA's 100% disability ratings, the record did not contain the actual disability determination, which provides a detailed explanation for the disability determination and the medical evidence relied upon by the VA.  *See* R. 343; Doc. 18-1 at 8-20.  Claimant maintains that the ALJ also erred by failing to obtain it from the VA.  Doc. No. 18 at 12-13.  The Court agrees.

In *Ray v. Astrue*, No. 8:08-cv-335-DAB, 2009 WL 799448, at *7 (M.D. Fla. Mar. 24, 2009), the Court found:

> The Supreme Court has said, "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits and the Council's review is similarly broad." *Sims v. Apfel*, 530 U.S. 103, 111, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000) (citation omitted). Where there are references in the medical records to a VA disability finding, the ALJ has the duty to develop the record relating to the other agency's disability findings. *See Baca v. Department of Health & Human Servs.*, 5 F.3d 476, 479–80 (10th Cir. 1993). Even though the Social Security claimant has the burden of providing medical evidence establishing disability, "the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues;" this duty exists even when the claimant is represented by counsel. *Id*.

*Id*. at *7.  Thus, where the record references a VA disability determination, the ALJ has a duty to develop the record, even if the claimant is represented by counsel, and make a reasonable effort to obtain the VA's disability determination.  *Id*.  In this case, the record refers to the VA's 100% disability ratings (R. 224, 373) and Claimant's counsel specifically argued that the ALJ should consider the VA's disability determination in making a disability determination.  R. 443.

However, there is no indication that the ALJ attempted to obtain the VA's disability determination. Based on this record, the Court finds that the ALJ erred by failing to develop the record with respect to the VA's June 1, 2010 Disability Rating Decision (Doc. No. 18-1 at 8-20). On remand, the Commissioner shall include the disability rating decision (Doc. No. 18-1 at 8-20) in the administrative record and closely scrutinize it. *See Rodriguez*, 640 F.2d at 686 (5th Cir. 1981) (a VA disability rating of 100% should be "more closely scrutinized by the ALJ.").[6]

### IV.     CONCLUSION.

For the reasons stated above, the case must be remanded to the Commissioner for further proceedings.[7] Accordingly, it is **ORDERED** that:

1.  The final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2.  The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

---

[6] Due to the above stated errors, the case must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) and, on remand, the Commissioner will closely evaluate the June 1, 2010 disability determination. Accordingly, there is no reason to address whether the case should be remanded, pursuant to sentence of six of 42 U.S.C. § 405(g), for consideration of the June 1, 2010 disability determination.

[7] As the case must be remanded due to the above stated errors, it is unnecessary to address the remaining errors alleged (*see supra* n.1) because on remand the ALJ will necessarily have to reassess the entire record. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *Salamina*, 2013 WL 2352204, at *4 (due to the ALJ's error with respect to VA's disability rating it is unnecessary to address other arguments for remand).

**DONE and ORDERED** in Orlando, Florida on December 9, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Electronic copies to:
Counsel of record

Copies by Regular U.S. Mail to:
The Honorable Valencia Jarvis
Administrative Law Judge
c/o Office of Disability Adjudication and Review
500 East Broward Blvd.
Suite 1000, 10th Floor
Fort Lauderdale, FL 33394